IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

R.D. HERBERT & SONS CO.            )
                                    )
                                    )
v.                                  ) NO. 3:06-0826
                                    ) JUDGE CAMPBELL
LOCAL UNION NO. 177, SHEET METAL    )
WORKERS INTERNATIONAL               )
ASSOCIATION, et al.                 )

MEMORANDUM

Pending before the Court are a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Thomas L. Russell (Docket No. 8) and a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Local Union No. 177 of the Sheet Metal Workers International Association ("Local Union") (Docket No. 10).

For the reasons stated herein, Defendant Russell's Motion to Dismiss (Docket No. 8) is GRANTED in part and DENIED in part, and Defendant Local Union's Motion to Dismiss (Docket No. 10) is DENIED.

FACTS

Plaintiff is a Tennessee corporation engaged in the roofing and sheet metal business. Defendant Local Union is an affiliated local union of the Sheet Metal Workers International Association with its principal place of business in Nashville, Tennessee. Defendant Thomas L. Russell is the business manager of Defendant Local Union and is sued solely as an agent or representative of the Defendant Local Union. Defendant National Joint Adjustment Board for the Sheet Metal Industry, Inc. is a Virginia corporation which provides arbitration services, pursuant

to various collectively bargained agreements, for the administration of certain labor-management disputes.

Plaintiff filed a Verified Complaint for Injunctive and Declaratory Relief (Docket No. 1) asking the Court to enjoin the Defendants from proceeding with arbitration of a specific grievance[1] and to declare that Plaintiff is not required to submit that grievance to arbitration under its "Working Agreement" with the Local Union. The parties dispute whether the grievance concerning a "supervisory employee" falls within the arbitration provision of the Working Agreement.

By their Motions to Dismiss, Defendants Russell and Local Union submit that this Court lacks subject matter jurisdiction to hear this dispute. Defendants argue that because Plaintiff is seeking to *avoid* coverage under the Working Agreement, rather than to enforce a collective bargaining agreement, this action does not fall within the scope of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301"). In addition, Defendants maintain that because the underlying question posed by the grievance at issue involves or grows out of a "labor dispute," jurisdiction of this Court to issue an injunction is foreclosed under the Norris-LaGuardia Act, 29 U.S.C. § 101, *et seq.* Finally, Defendant Russell asserts that he is not a proper party to this action because Section 301 does not provide for actions against individuals, but rather provides only for suits by and against labor organizations.

MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc.,

---

[1] The grievance at issue ("the Grievance") challenges the discharge by Plaintiff of Larry Gant, Plaintiff's former Superintendent of Outside Sheet Metal.

13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

INDIVIDUAL LIABILITY

Defendant Russell contends that Section 301 does not confer jurisdiction over an individual and that Congress intended to provide for lawsuits by and against labor organizations but not individuals such as Defendant Russell. Plaintiff states that it did not sue Defendant Russell individually and has no opposition to an Order clarifying that there exist no claims against Defendant Russell in his individual capacity. Docket No. 21.

Although Section 301 permits individual employees to sue as third-party beneficiaries of collective bargaining agreements, neither employers nor unions may sue individual employees for money damages. United Food and Commercial Workers Local 951 v. Mulder, 31 F.3d 365, 370 (6th Cir. 1994); see also Wickham v. Ford Motor Co., 309 F.Supp.2d 944, 950 (E.D. Mich. 2004) (plaintiff not entitled to damages against individual union officials).

In this case, however, Plaintiff seeks injunctive and declaratory relief, not money damages. While finding that Section 301 did not sanction damage actions against individual employees, the Supreme Court expressly reserved decision on whether injunctive relief could be sought against

3

individual defendants under Section 301. Compete Auto Transit, Inc. v. Reis, 101 S.Ct. 1836, 1844, n. 17 (1981).[2] Lower courts, however, have held that individual union officials can be sued under Section 301 where the relief sought is equitable, not legal. International Union of Elec., Elec., Salaried, Mach. & Furniture Workers v. Statham, 97 F.3d 1416, 1421-22 (11th Cir. 1996); Shea v. McCarthy, 953 F.2d 29, 32 (2d Cir. 1992); Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre, Local 120, 647 F.2d 372, 378 (3d Cir. 1981).[3]

Clearly Plaintiff cannot recover money damages against Defendant Russell as an agent of the Local Union. 29 U.S.C. § 185(b). Defendant Russell may be subject to Plaintiff's claims for injunctive and declaratory relief, however. Therefore, Defendant Russell's Motion to Dismiss is GRANTED in part and DENIED in part. To the extent Plaintiff asserts any claims for money damages against Defendant Russell, those claims are dismissed.

## SECTION 301

As noted above, this action was filed to determine whether Plaintiff is required to arbitrate the specific grievance at issue; in other words, whether this grievance is "arbitrable." Unless the parties clearly and unmistakably provide otherwise, whether a collective bargaining agreement creates a duty for the parties to arbitrate a particular grievance is an issue for judicial determination.

---

[2] See also Oliver v. Gallagher, 2006 WL 517640 at * 4, n. 6 (N. D. Ohio March 2, 2006) (court stated it need not address whether plaintiff was barred from seeking equitable relief from individual defendants).

[3] See also Frenza v. Sheet Metal Workers' Int'l Ass'n, 567 F.Supp. 580, 584 (E.D. Mich. 1983);Operative Plasterers & Cement Masons Int'l Ass'n v. Benjamin, 776 F.Supp. 1360, 1367 (N.D. Ind. 1991); Monaco v. Smith, 2004 WL 203009 at * 12 (S.D.N.Y. Feb. 2, 2004); International Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers v. Freeman, 683 F.Supp. 1190, 1191 (N.D. Ill. 1988).

4

International Union v. Cummins, Inc., 434 F.3d 478, 485 (6th Cir. 2006). In making this determination, the Court is not to consider the merits of the underlying claim. Id.; AT & T Technologies, Inc. v. Communications Workers of America, 106 S.Ct. 1415, 1419 (1986). A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. Id. at 1418; see also Tennessee Valley Trades and Labor Council v. Day & Zimmermann NPS, Inc., 418 F.Supp. 2d 993, 1000 (M.D. Tenn. 2006).

Section 301 covers suits "for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185(a). Defendants claim that this action, characterized by Defendants as one "to avoid an obligation under a collective bargaining agreement," does not fall within the scope of Section 301. Docket No. 11. Plaintiff's claim is that it is *not* required to arbitrate this dispute.[4]

Whether Plaintiff is bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties. AT & T Technologies, 106 S.Ct. at 1419. "The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty." Id.

The Court finds that this dispute — whether Plaintiff is required, pursuant to the contract entered into by the parties, to arbitrate the subject grievance — falls within the scope of Section 301. Accordingly, Defendants' Motion to Dismiss on this basis is DENIED.

---

[4] A district court has the authority under Section 301 to compel specific performance of a collective bargaining agreement requiring the arbitration of grievances in a labor dispute. Allied Systems, Ltd. v. Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm., Local Union 327, 179 F.3d 982, 986 (6th Cir. 1999).

5

NORRIS-LAGUARDIA ACT

The Norris-LaGuardia Act, specifically 29 U.S.C. § 104, significantly curtails a district court's ability to issue an injunction against labor strikes and work stoppages. Allied Systems, Ltd. v. Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm., Local Union 327, 179 F.3d 982, 986 (6th Cir. 1999). The Norris-Laguardia Act is not an unqualified prohibition against injunctions, however. Oman Constr. Co. v. International Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 263 F.Supp. 181, 183 (M.D. Tenn. 1966). Section 7 of the Act (29 U.S.C. § 107) specifies the circumstances under which an injunction may issue. Id. Thus, the Act delineates those circumstances under which the remedy of injunction would or would not be available. Id.

The Norris-LaGuardia act only limits the equitable power of federal courts to grant certain relief, which is an issue separate from whether a court has jurisdiction to adjudicate a controversy. Pritchard Elec. Co., Inc. v. International Bhd. of Elec. Workers, 306 F.Supp.2d 603, 606, n.2 (S.D.W.Va. 2004); Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560-61 (1968).[5] The Supreme Court has held that Norris-LaGuardia is a limit on remedial authority, not subject matter jurisdiction. Emery Air Freight Corp. v. International Bhd. of Teamsters, Local 295, 185 F.3d 85, 89 (2d Cir. 1999) (citing Avco Corp.).

Here, Plaintiff seeks both declaratory and injunctive relief. Whether the injunctive relief Plaintiff seeks is of a type covered by the Norris-LaGuardia Act or within its exceptions is yet to be determined. In any event, the Court can order declaratory and not injunctive relief. As stated in

---

[5] Although each of the Act's prohibitions is framed as a denial of jurisdiction to issue an injunctive order of the forbidden sort or in the forbidden circumstances, each prohibition necessarily assumes the existence of a "case" of which the court has jurisdiction and which it must, and has the power to, adjudicate in accordance with the standards the Act imposes. Oman, 263 F. Supp. at 183.

6

Oman: "The mere fact that the complaining party requests a form of relief which the court could not grant should not determine jurisdiction. An alternative form of relief . . . could be requested and there would be no doubt as to the court's jurisdiction." Oman, 263 F.Supp. at 184. Accordingly, Defendants' Motion to Dismiss based upon the Norris-LaGuardia Act is DENIED.

CONCLUSION

For all these reasons, Defendant Russell's Motion to Dismiss (Docket No. 8) is GRANTED in part and DENIED in part, and Defendant Local Union's Motion to Dismiss (Docket No. 10) is DENIED. Any claims for money damages against Defendant Russell are dismissed.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7