IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

R.D. HERBERT & SONS CO.     )
                            )
                            )
v.                          ) NO. 3:06-0826
                            ) JUDGE CAMPBELL
LOCAL UNION NO. 177, SHEET  )
METAL WORKERS INTERNATIONAL )
ASSOCIATION, et al.         )

MEMORANDUM

Pending before the Court is Defendant The National Joint Adjustment Board for the Sheet Metal Industry, Inc.'s Motion to Dismiss (Docket No. 24). For the reasons stated herein, the Motion is GRANTED. All claims against Defendant National Joint Adjustment Board for the Sheet Metal Industry, Inc. are dismissed.

FACTS

Plaintiff is a Tennessee corporation engaged in the roofing and sheet metal business. Defendant National Joint Adjustment Board for the Sheet Metal Industry, Inc. ("NJAB") is a Virginia corporation which provides arbitration services, pursuant to various collectively bargained agreements, for the administration of certain labor-management disputes.

Plaintiff filed a Verified Complaint for Injunctive and Declaratory Relief (Docket No. 1) asking the Court to enjoin the Defendants from proceeding with arbitration of a specific grievance[1] and to declare that Plaintiff is not required to submit that grievance to arbitration under its "Working

---

[1] The grievance at issue challenges the discharge by Plaintiff of Larry Gant, Plaintiff's former Superintendent of Outside Sheet Metal.

Agreement" with the Local Union. The parties dispute whether the grievance concerning a "supervisory employee" falls within the arbitration provision of the Working Agreement.

Defendant NJAB has moved to dismiss the claims against it because it is entitled to arbitral immunity for all the acts which form the basis of Plaintiff's claims.[2]

## MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

## ARBITRAL IMMUNITY

The issue in this lawsuit is whether a grievance concerning an alleged "supervisory employee" falls within the arbitration provision of an agreement between the employer (Plaintiff) and the union (Defendant Local Union). Defendant NJAB is not a party to that agreement.

---

[2] Defendant also makes arguments concerning the Court's jurisdiction under the Labor Management Relations Act and the Norris-LaGuardia Act. Those arguments have previously been rejected by this Court on the other Defendants' Motions to Dismiss. See Docket No. 27.

2

Aside from the claim of arbitral immunity, the Court notes that Defendant NJAB is not a real party in interest in this case. A claim intended to determine whether an arbitral body has the authority to proceed is one in which the arbitral body itself has no real interest. International Medical Group, Inc. v. American Arbitration Ass'n, 149 F.Supp. 2d 615, 629 (S.D. Ind. 2001).

In addition, the Court finds that Defendant NJAB is entitled to arbitral immunity for these claims. Because an arbitrator's role is functionally equivalent to a judge's role, courts have uniformly extended judicial and quasi-judicial immunity to arbitrators. Corey v. New York Stock Exchange, 691 F.2d 1205, 1209-1211 (6th Cir. 1982); New England Cleaning Services, Inc. v. American Arbitration Ass'n, 199 F.3d 542, 545 (1st Cir. 1999); Ross v. MBNA Bank, 2005 WL 2334297 at * 3 (E.D. Tenn. Sept. 23, 2005). Like judicial and quasi-judicial immunity, arbitral immunity is necessary to protect decisionmakers from undue influence and the decisionmaking process from attack by dissatisfied litigants. Olson v. National Ass'n of Securities Dealers, 85 F.3d 381, 382 (8th Cir. 1996).

Organizations that sponsor arbitrations, as well as arbitrators themselves, enjoy this immunity from civil liability. New England Cleaning, 199 F.3d at 545. A sponsoring organization's immunity extends to the administrative tasks it performs, insofar as these are integrally related to the arbitration. Id.; see also Tamari v. Conrad, 552 F.2d 778, 780-81 (7th Cir. 1977) (arbitral immunity should be extended to cases where the authority of an arbitrator to resolve a dispute is challenged). Arbitral immunity protects all acts within the scope of the arbitral process. Olson, 85 F.3d at 383.

Plaintiff argues that Defendant NJAB is not entitled to arbitral immunity because it has "overstepped the bounds of arbitral immunity by attempting to schedule an arbitration hearing in

3

spite of Plaintiff's objections . . ..″ Docket No. 32.  Arbitral immunity does not apply if there is a clear absence of jurisdiction.  New England Cleaning, 100 F.3d at 546.

The Court finds that, in this case, Defendant NJAB did not overstep the bounds of arbitral immunity.  Defendant NJAB did not conduct arbitration proceedings at all, much less "sham arbitrations," as in the authority Plaintiff cites.  Defendant NJAB has no interest in the outcome of the underlying disputes between Plaintiff and the Union or between Plaintiff and Mr. Gant.  In that neutral role, it receives arbitral immunity.

Accordingly, Defendant NJAB's Motion to Dismiss is GRANTED, and Plaintiff's claims against Defendant NJAB are dismissed.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4