IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

R.D. HERBERT & SONS CO.           )
                                  )
                                  )
v.                                ) NO. 3:06-0826
                                  ) JUDGE CAMPBELL
LOCAL UNION NO. 177, SHEET        )
METAL WORKERS INTERNATIONAL       )
ASSOCIATION, et al.               )

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (Docket No. 41). For the reasons stated herein, Plaintiff's Motion is DENIED.

Plaintiff seeks to enjoin an arbitration hearing before the National Joint Adjustment Board which is scheduled for January 18, 2007. The grievance which is the subject of the hearing concerns the discharge of Larry Gant, a former employee of Plaintiff. Plaintiff filed its Complaint in this action asking the Court to find that the grievance concerning Mr. Gant is not properly arbitrable under the parties' collective bargaining agreement. Currently pending is Defendant's Motion for Summary Judgment (Docket No. 37) asking the Court to declare that Plaintiff must submit this grievance to arbitration.

Defendant argues, in response to Plaintiff's Motion for Preliminary Injunction, that the Court is prohibited by federal law, specifically the Norris-LaGuardia Act, from issuing the requested injunction. As this Court has previously found, the Norris-LaGuardia Act significantly curtails a district court's ability to issue injunctions by delineating those circumstances under which the remedy of injunction is or is not available. 29 U.S.C. § 104. Whether the injunctive relief sought by Plaintiff is prohibited or allowed by the Norris-LaGuardia Act is the issue before the Court. Stated another way, the question presented is whether the Norris-LaGuardia Act forbids the Court

to enjoin the arbitration of this dispute.[1]  In making this determination, the Court is mindful that the Supreme Court's jurisprudence has consistently emphasized both the broadness of the phrase "involving or growing out of a labor dispute," 29 U.S.C. § 101, and the strong federal policy in favor of labor arbitration.  Triangle Construction & Maintenance Corp. v. Our Virgin Islands Labor Union, 425 F.3d 938, 945 (11th Cir. 2005).

Having reviewed the submissions of the parties and the relevant law, the Court adopts the reasoning of the 11th and numerous other Circuit Courts and holds that it does not have jurisdiction to enjoin arbitration of this labor dispute.  See Triangle Construction, 425 F.3d at 940, and cases cited therein.  The Triangle Construction court found (and Plaintiff has not rebutted) that neither the Supreme Court nor any of the circuit courts has held that there is an exception to the Norris-LaGuardia Act under which a court has jurisdiction to enjoin or stay arbitration proceedings, 425 F.3d at 948; see also Pritchard Electric Co. v. International Brotherhood of Electrical Workers, 306 F.Supp.2d 603, 607 (S.D. W.Va. 2004) ("five courts of appeals have concluded that the NLA deprives district courts of the authority to issue an injunction halting a pending arbitration that arises from the labor context.")[2]

---

[1] The Court finds that the issues in this case fit within this definition of "labor dispute" in the Norris-LaGuardia Act.  29 U.S.C. § 113(c). Moreover, it is undisputed that the relief sought by Plaintiff's Motion for Preliminary Injunction is an "injunction" as that term is used in the Norris-LaGuardia Act.

[2] As stated by the court in AT&T Broadband v. International Brotherhood of Electrical Workers, 317 F.3d 758 (7th Cir. 2003), if there were any doubt, Section 8 of the Norris-LaGuardia Act (29 U.S.C. § 108) resolves it by stating that even the limited injunctive relief otherwise available is not permissible unless the parties have exhausted arbitral remedies.  317 F.3d at 762; see also Pritchard, 306 F.Supp.2d at 612.

Although the Supreme Court has stated that arbitration will not be *compelled* by a federal court unless a prior determination as to arbitrability is made by the court, the Supreme Court did not state or imply that an arbitration proceeding should be *enjoined* until a determination as to arbitrability is made. Triangle Construction, 425 F.3d at 950-51; see also Lukens Steel Co. v. United Steelworkers of America, 989 F.2d 668, 679 (3d Cir. 1993).[3]

For these reasons, Plaintiff's Motion for Preliminary Injunction (Docket No. 41) is DENIED. If the Court were to issue an injunction, it would be required to follow the strict procedures, including a hearing, set forth in the Norris-LaGuardia Act. 29 U.S.C. § 107. Because the Court has no authority, as a matter of law, to issue the injunction requested by Plaintiff, however, Plaintiff's request for a hearing is moot.

IT IS SO ORDERED.

*[signature: Todd Campbell]*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[3] If the underlying issue concerning "arbitrability" is not decided by this Court before the scheduled arbitration hearing, nothing herein prevents Plaintiff from raising, at the arbitration hearing and in any action to enforce or vacate the arbitration award, its objection to the arbitrability of this grievance. See e.g., Triangle Construction, 425 F.3d at 951, n.14 (citing Lukens Steel, 989 F.2d at 679, n.11) and AT&T Broadband, 317 F.3d at 762.