IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

R.D. HERBERT & SONS CO.        )
                               )
                               )
v.                             ) NO. 3:06-0826
                               ) JUDGE CAMPBELL
LOCAL UNION NO. 177, SHEET     )
METAL WORKERS INTERNATIONAL    )
ASSOCIATION, et al.            )

MEMORANDUM

Pending before the Court are Defendant's Motion for Summary Judgment (Docket No. 37) and Plaintiff's Cross-Motion for Summary Judgment (Docket No. 50). For the reasons stated herein, both Motions for Summary Judgment are DENIED.

FACTS

This action presents the question of whether a particular grievance between a company (Plaintiff) and a local union (Defendant) must be arbitrated pursuant to the parties' Collective Bargaining Agreement ("CBA"). Plaintiff argues that this grievance is not covered by the arbitration provisions of the CBA because the employee involved, Larry Gant, was a "superintendent" and not covered by the CBA. Defendant contends that this grievance must be arbitrated because Mr. Gant *was* covered by the CBA, including its arbitration provisions.

The nature of Mr. Gant's employment with R.D. Herbert & Sons is the subject of another lawsuit in this Court, Gant v. R.D. Herbert & Sons Co., Case No. 3:05-1004. In that action, the Court must decide whether Mr. Gant was exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA"). For the same reason there are genuine issues of material fact with regard to that FLSA issue, there are also genuine issues of material fact in this case as to whether

Mr. Gant was covered by the CBA.

For these reasons, Plaintiff's Motion for Summary Judgment as to whether it is required to arbitrate this dispute is DENIED.

Defendant argues that the Court cannot determine the issue of whether Mr. Gant is covered by the CBA, but rather, that issue must be submitted to the arbitrator. The Court disagrees. Whether a company is bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court, and a party cannot be forced to arbitrate the arbitrability issue. Tennessee Valley Trade and Labor Council v. Tennessee Valley Authority, 991 F.Supp. 917, 918 (M.D. Tenn. 1998). The question of whether the parties have submitted a particular dispute to arbitration, *i.e.*, the question of arbitrability, is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise. Howsam v. Dean Witter Reynolds, Inc., 123 S.Ct. 588, 591 (2002). Defendant has offered no evidence that the parties in this case clearly and unmistakably provided otherwise.

For these reasons, Defendant's Motion for Summary Judgment as to who decides the issue of arbitrability is DENIED.

This case is set for trial by contemporaneous Order.

IT IS SO ORDERED.

                                                      TODD J. CAMPBELL
                                                     UNITED STATES DISTRICT JUDGE